Robert MAYS, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 84–8763

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 21, 1985.

---

Michael L. Paup, Glenn L. Archer, Jr., Kenneth L. Green, Richard Farber, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Mays appeals from the district court's judgment granting the United States summary judgment on his claim for a refund of federal income taxes. The question we must decide is whether Mays failed to present substantial evidence indicating that the tax deficiencies the Commissioner determined against him with respect to his returns for the years 1975, 1976, and 1977 were incorrect.

The Commissioner assessed an additional tax against Mays for the years in question after disallowing various business expenses and a capital gains deduction, and including a civil service annuity as income. In the proceedings below the government propounded interrogatories to Mays which he answered superficially. He included in his answer, for example, a computer printout purporting to summarize his alleged business expenses; the printout had been prepared after the audit of Mays' returns had been completed, however, and did not constitute a business record kept contemporaneously with the transactions it reflected. After the government moved for summary judgment and the court gave him time to reply, Mays filed a "Demand for Speedy Jury Trial" and attached to his demand copies of "Net Worth Statements." The district court, addressing the government's motion for summary judgment, concluded that Mays had not rebutted the presumption of correctness due the Commissioner's deficiency determinations and that Mays was entitled to no refund. The court therefore granted summary judgment.

On appeal, Mays contests the failure of the Commissioner to accord capital gains treatment to his 1976 sale of swine. He argues additionally that his "Net Worth Statements" should have been adequate to rebut the *prima facie* validity of the Commissioner's determination that he owed additional taxes.

This court exercises an independent review of motions for summary judgment, and conclusions of law are subject to the same standard of appellate review as any question of law raised on appeal. *Morrison v. Washington County, Alabama*, 700 F.2d 678, 682 (11th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). Summary judgment should only be entered when the record, with all evidence viewed in the light most favorable to the

 

nonmovant, demonstrates that no genuine dispute exists as to any material fact in the case. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 608 (11th Cir.1984).

In a tax refund suit, the Commissioner's deficiency determinations are presumed correct, and the burden of proof is on the taxpayer to show that the Commissioner's findings were erroneous. *Helvering v. Taylor*, 293 U.S. 507, 514–15, 55 S.Ct. 287, 290–91, 79 L.Ed. 623 (1935); *Anselmo v. Commissioner*, 757 F.2d 1208, 1211 (11th Cir.1985). A taxpayer seeking a refund must show not only that the Commissioner erred, but must establish the correct amount of the refund due. *King v. United States*, 641 F.2d 253, 259 (5th Cir. 1981) *; *Crosby v. United States*, 496 F.2d 1384, 1390 (5th Cir.1974). The claim must be substantiated by something other than tax returns, *Lunsford v. Commissioner*, 212 F.2d 878, 883 (5th Cir.1954), uncorroborated oral testimony, *Griffin v. United States*, 588 F.2d 521, 530 (5th Cir.1979), or self-serving statements. *See Gibson v. United States*, 360 F.2d 457, 462 (5th Cir. 1966).

Mays does not dispute that the computer printout he submitted with his response to the government's interrogatories was prepared after the tax audit; indeed, the "amount allowed by auditor" appeared on the face of the printout. His net worth statements did not refer to any original records, and he presented no contemporaneous documentation of his expenses or other evidence to establish that the Commissioner's tax assessment was wrong or to establish the correct amount due. In sum, Mays did not overcome the presumption of correctness due determinations of the Commissioner. Rather, he has submitted only self-serving documents which do not substantiate his claims. According-

ly, the government was entitled to summary judgment.

AFFIRMED.

---

\* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.