951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thorn LOVELACE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35081.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1991.*
Decided Dec. 19, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thorn Lovelace appeals pro se from summary judgment entered in favor of the Government in his tax refund suit. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 I.
 
 3
 Our review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989); Judie v. Hamilton, 872 F.2d 919, 920 (9th Cir.1989). "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Contrary to Lovelace's arguments in this case, the district court correctly analyzed this case, found no disputed fact that would affect the outcome of the suit under governing law, and applied the relevant substantive law.
 
 
 4
 Lovelace misapprehends his burden of proof in this case. In a tax refund suit, deficiency determinations by the IRS are presumed correct, and the burden of proof is on the taxpayer to show the findings are erroneous. Helvering v. Taylor, 293 U.S. 507, 514-15 (1935); Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988); see also Watts v. United States, 703 F.2d 346, 348 (9th Cir.1983) (taxpayer in refund suit has burden to prove overpayment of tax). The claim for a refund must be substantiated by something other than tax returns, uncorroborated oral testimony, or self-serving statements. Mays v. United States, 763 F.2d 1295, 1297 (11th Cir.) (citations omitted), cert. denied, 474 U.S. 998 (1985).
 
 
 5
 Lovelace has not challenged the merits of the IRS's determinations set out in the notice of deficiency. His attacks on the procedural validity of the assessments fail to shoulder the burden of proof of establishing invalidity of the assessments.
 
 
 6
 The ultimate issue in a refund suit is whether the taxpayer overpaid the tax, see Lewis v. Reynolds, 284 U.S. 281 (1932), modified, 284 U.S. 599 (1932), not whether the IRS complied with the requirements of 26 U.S.C. § 6020(b). An integral issue in this case, therefore, is whether Lovelace filed a valid tax return. The district court correctly determined that Lovelace did not file a valid tax return for tax years 1981 and 1982. "Tax forms that do not contain information upon which tax liability may be computed are not returns within the meaning of the Internal Revenue Code." Edwards v. Commissioner, 680 F.2d 1268, 1269-70 (9th Cir.1982) (citations omitted).
 
 
 7
 Lovelace argues that a double standard was used by the district court in evaluating his 1981 and 1982 tax returns and the "dummy return" prepared by the IRS. This contention is irrelevant and without merit, and does not affect Lovelace's burden of proof in this case.
 
 
 8
 The issue of whether valid tax returns were filed was also crucial in responding to the question of whether Lovelace was assessed within the limitations period of 26 U.S.C. § 6501(b)(3). Because Lovelace did not file a valid return, the statute of limitations for the Commissioner to make an assessment did not start running. Edwards, 680 F.2d at 1269-70; see also 26 U.S.C. § 6501(b)(3).
 
 
 9
 Lovelace argues material facts "relative to the assessment and requisite Notices still remain at issue." Appellant's Opening Brief at 5. We disagree. These alleged facts have no bearing on the outcome of this case under governing law and do not affect Lovelace's burden of proof. The district court correctly observed that Lovelace's admission of his receipt of the notice of tax deficiency and his deliberate election not to pursue the available means of testing the assessments confirmed the presumption of procedural regularity on the part of the IRS. District Court Order at 4, citing United States v. Chemical Foundation, Inc., 272 U.S. 1 (1926). The district court also correctly determined that the IRS did not deny Lovelace due process by not giving him a preassessment hearing. Id. at 4-5, citing Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428 (9th Cir.1985), cert. denied, 474 U.S. 1056 (1986).
 
 
 10
 Lovelace apparently argues that the district court erred in relying on the declaration of an IRS special procedures advisor in granting summary judgment because it is hearsay and because the attachments to the declaration contained improperly certified forms. These arguments are without merit. The declaration was made on personal knowledge, was not hearsay, and complied with Fed.R.Civ.P. 56(e). Furthermore, the presumption of correctness of the assessment procedure and collection of the tax has not been overcome by allegations that the forms are fraudulent because they were improperly certified. For these reasons, the district court also correctly denied Lovelace's motion to strike.
 
 
 11
 The "recent information" submitted by Lovelace to purportedly demonstrate a lack of authority to affix the official seal and certify Forms 4340 and 2866, consists of documents outside of the record in this case and will not be considered on appeal. See Fed.R.App.P. 10(a); Ninth Cir.R. 10-2. Lovelace's argument related to this information is raised for the first time on appeal and will not be considered by this court. See Louisiana-Pacific Corp. v. Asarco, Inc., 909 F.2d 1260, 1264 (9th Cir.1990).
 
 
 12
 Lovelace argues that the court should have deferred ruling on his motion for summary judgment until he received certain discovery. We disagree. While Lovelace argues this information would have permitted him to discover the Government's exhibits were prepared without the required delegated authority, this information was not essential to justify his opposition to the Government's motion for summary judgment. See Fed.R.Civ.P. 56(f).
 
 
 13
 The district court's denial of Lovelace's motion for summary judgment as moot in light of its ruling on the Government's motion for summary judgment was not a failure to exercise discretion or a denial of due process. The denial simply reflects Lovelace's failure of proof in this case. The record reveals no unfair treatment of Lovelace or judicial bias and Lovelace's allegations of lack of due process are without merit.
 
 II.
 
 14
 The Government has requested this court impose sanctions upon Lovelace for bringing a frivolous appeal. We have the discretion to impose such sanctions, even against pro se litigants, to deter frivolous appeals and conserve judicial resources. 28 U.S.C. § 1912; Fed.R.App.P. 38; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988). Lovelace's claims are wholly without merit. Accordingly, we impose $1,500 as a sanction in lieu of other costs and fees.
 
 III.
 
 15
 The court affirms the judgment of the district court granting the Government's motion for summary judgment and dismissing Lovelace's claims; denying Lovelace's request for deferral of ruling; denying Lovelace's cross motion for summary judgment; and denying Lovelace's motion to strike. We grant the Government's request for sanctions and impose a $1,500 sanction against Lovelace for bringing this frivolous appeal.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3