**Henry Thomas TURPIN**

v.

**UNITED STATES of America.**

**Civ. A. No. K–90–1403.**

United States District Court,
D. Maryland.

Aug. 17, 1993.

Mark J. Hardcastle, and Hardcastle & Dever, Rockville, MD, for plaintiff.

Gary P. Jordan, U.S. Atty., Larry D. Adams, Asst. U.S. Atty., Baltimore, MD, and Gerald Alan Role, U.S. Dept. of Justice, Washington, DC, for the U.S.

FRANK A. KAUFMAN, Senior District Judge:

Pending are the United States' motion under Fed.R.Civ.Proc. 60(b) for relief from the judgment entered by this Court on September 21, 1992, and Turpin's cross-motion seeking clarification and enforcement of that judgment.

The relevant facts are set forth fully in *Turpin v. United States*, 970 F.2d 1344, 1345–46 (4th Cir.1992) and in *Turpin v. United States*, 68 A.F.T.R.2d (P–H) ¶ 91–5109, 91–2 U.S.Tax.Cas. (CCH) ¶ 50,403, 1991 WL 214137 (D.Md. July 25, 1991). Turpin was, at various times, an employee, an officer, a minority shareholder, and ultimately, the sole shareholder of Black Maverick Coal Company, a West Virginia coal mining corporation. On January 9, 1986, the United States assessed Turpin $216,375.76 for Black Maverick's withheld but unpaid payroll taxes during the last three quarters of 1982 and the first three quarters of 1983. On May 24, 1990, Turpin filed a civil action under I.R.C. § 7422 in the United States

District Court for the District of Maryland to recover amounts erroneously assessed against or collected from him, and the United States counterclaimed for the unpaid portion of the assessment. Following a two-day trial on April 15 and 16, 1991, the jury returned a special verdict, finding that Turpin was not responsible for collecting, accounting for, and paying over the withheld taxes during the second and third quarters of 1982, but that he was responsible for collection and payment of the taxes during the last quarter of 1982 and the first three quarters of 1983. The jury also found by special verdict, however, that Turpin had not willfully failed to pay any of the taxes in question. Because the jury found that Turpin had not willfully failed to collect, account for, and pay over the taxes during any of the six quarters, Turpin was entitled to an award of $14,417.28 and an abatement of the tax assessment against him.

The United States moved for judgment notwithstanding the verdict, and the district court [Ramsey, J.] granted the motion in part. The court held that as a matter of law, Turpin was responsible for collecting, accounting for, and paying over withheld taxes not only in the last quarter of 1982 and the first three quarters of 1983, but also (contrary to the special verdict) in the third quarter of 1982. In addition, the court held that the evidence established as a matter of law that Turpin had willfully failed to collect, account for, and pay over the taxes. The court accordingly entered judgment for the United States as to the last two quarters of 1982 and the first three quarters of 1983.

970 F.2d at 1346 (citations omitted).

In entering that judgment, which was in the amount of $317,796.82, the Clerk of this Court relied upon an accounting prepared by the government at Judge Ramsey's direction. Judge Ramsey's Order directed the government to "provide a detail of the amounts owing to the United States consistent with the Court's ruling herein." The government's accounting did not credit Turpin with the $14,417.28, which the jury had awarded him, in connection with his claim for refunds

of money which Turpin contended had been wrongfully withheld by the government between 1983 and 1990 and of money obtained by the government pursuant to a levy on Turpin's wages. Rather, the government, in connection with those matters, credited Turpin with only $4,968.28. The government, in its motion for judgment notwithstanding the verdict, took the position that, as a matter of law, Turpin, while admittedly entitled to the lesser sum, had failed to prove his entitlement to the greater. In his Order granting the government's motion for judgment notwithstanding the verdict, Judge Ramsey did not answer the question of whether Turpin was entitled to the full $14,417.28 which he claimed, or only the $4,968.28.

Turpin appealed Judge Ramsey's Order granting judgment notwithstanding the verdict. The Fourth Circuit reversed and remanded "with instructions to enter judgment for Turpin in accordance with the special verdict of the jury." 970 F.2d at 1350. Seemingly, the issue of the amount due Turpin in connection with his claim for the funds withheld by the government was neither presented to, nor decided by, the Fourth Circuit.

On remand, Judge Ramsey directed Turpin's counsel to prepare an Order implementing the directive of the Fourth Circuit. Turpin's counsel so did, government counsel read and agreed to the same, and, Judge Ramsey having retired from this bench, that Order was entered by the undersigned Judge of this Court on September 21, 1992. In that Order, this Court:

> ORDERED and ADJUDGED that judgment be and is hereby entered in favor of Plaintiff Henry Thomas Turpin against Defendant United States of America in accordance with the special verdict of the jury dated April 16, 1991; and it is further

> ORDERED and ADJUDGED that Plaintiff is awarded the principal sum of $14,417.28 for taxes overpaid by him, plus interest on the periodic overpayments comprising such principal sum as authorized by 28 U.S.C. § 2411 and 26 U.S.C. § 6621 which interest shall be calculated by the Internal Revenue Service in accordance with the prescribed statutory rates and customary procedures, plus all such costs and expenses as have been or may be properly taxed by the Clerk of this Court and the Clerk of the United States Court of Appeals for the Fourth Circuit.

There then ensued a hiatus of approximately seven months, following which, on April 19, 1993, the government filed its pending motion for relief from the judgment. Thereafter, Turpin filed his pending cross-motion.

### Rule 60(b)

The government must meet the requirements of Federal Civil Rule 60(b)[1], in order to prevail upon its motion. To do so, the government must establish timeliness, a meritorious claim or defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. *See Werner v. Carbo,* 731 F.2d 204, 206–07 (4th Cir.1984). "Once the movant has made such a showing, he must proceed to satisfy one or more of the rule's six grounds for relief from judgment, which include 'mistake, inadvertence, surprise, or excusable neglect' under subsection (1), ... and 'any other reason justifying relief from the operation of the judgment' under subsection (6)." *Id.* at 207. The Fourth Circuit has "explained ... that these grounds for relief often overlap, and it is difficult if not inappropriate in many cases to specify or restrict the claim for relief to a

---

1. Rule 60(b) provides in pertinent part:
   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

particular itemized ground." *Id.* "[The] overlapping and the broad phrasing of the rule free courts to do justice in cases in which the circumstances generally measure up to one or more itemized grounds." *Id.*

### Timeliness

■ "Rule 60(b) specifies that motions for relief from judgment must be made 'within a reasonable time,' with the further requirement that motions brought under subsections (1) to (3) be made not more than one year after judgment is entered." *Werner,* 731 F.2d at 207 n. 1.[2] Given the record in this case, the passage of seven months between September 21, 1992, and April 19, 1993 does not seem unreasonable.

### Meritorious Claim

The gravamen of the government's motion is its contention that Turpin failed to meet his burden of proof with regard to the bulk of the disputed tax refunds. Turpin sought to recover $14,417.28, which he claimed had been wrongfully withheld by the government in reliance upon the assessment of a tax deficiency against Turpin in his personal capacity, plus interest.[3] The government concedes that Turpin is entitled to recover a total of $4,968.28, a figure comprised of $1,333.28 from the levy on his wages, $2,012.00 from the overpayment of his 1987 individual income taxes, and $1,623.00 from the overpayment of his 1988 individual income taxes.

■ At trial, Turpin maintained that, in addition to the $4,968.28, the government had improperly withheld tax refunds owed him with regard to overpayments of his individual income taxes for the years 1982, 1983, 1984, and 1986. The only evidence offered at trial in support of Turpin's contention were unsigned photocopies of Turpin's tax returns for those years, a Summary schedule of the sums claimed by Turpin, and Turpin's own testimony that he did not receive the refunds to which he laid claim. By contrast, the government introduced a Certificate of Assessments and Payments under seal supporting the government's counterclaim.

■ The government's Certificate of Assessments and Payments is presumptively correct, see *United States v. Chila,* 871 F.2d 1015, 1018 (11th Cir.1989), *cert. denied,* 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989). In order to overcome that presumption of correctness, a taxpayer must assume the burden of going forward to "prov[e] the Government's assessment wrong by a preponderance of the evidence." *Higginbotham v. United States,* 556 F.2d 1173, 1176 (4th Cir.1977). "Once a taxpayer has introduced evidence sufficient to support a finding that the assessment is wrong, ... the Government [must] come forward with some evidence sufficient to support a conclusion that the assessment is correct in spite of the taxpayer's evidence. But the taxpayer continues to bear the risk of nonpersuasion." *Id.* A taxpayer's assertion of correct tax liability "must be substantiated by evidence other than tax returns, uncorroborated oral testimony, or self-serving statements." *See Mays v. United States,* 763 F.2d 1295, 1297 (11th Cir.1985), *cert. denied,* 474 U.S. 998, 106 S.Ct. 416, 88 L.Ed.2d 365 (1985) (citations omitted).

Accordingly, as a matter of law, plaintiff's evidence was insufficient to overcome the presumptive validity of the government's Certificate of Assessments and Payments.

### Prejudice

Turpin is of course, in a sense, prejudiced if he loses this case. But whether that loss occurs now or had occurred prior to this Court's entry of its September 21, 1993, Order would not appear in any way to prejudice Turpin.

---

**2.** *See* n. 1, *supra.*

**3.** Turpin's claim of $14,417.28 comprises the following items:

| Item | Date | Amount |
|---|---|---|
| Refund | 4/15/83 | $2,508.00 |
| Refund | 4/15/84 | $3,391.00 |
| Refund | 4/15/85 | $2,388.00 |
| Refund | 4/15/87 | $1,162.00 |
| Refund | 4/15/88 | $2,012.00 |
| Refund | 4/15/89 | $1,623.00 |
| Wage Levy | 10/28/87 | $1,333.28 |

*Grounds for Relief*

In view of the history of this case, the government's failure to note and to raise its position as to the $4,968.28 versus the $14,417.28, on or before September 21, 1992, or earlier than April 19, 1993, would appear appropriately attributable to mistake, excusable neglect, and/or exceptional circumstances or the like.

Accordingly, the United States' motion for relief under Rule 60(b) is granted, Turpin's pending cross-motion is denied, and a Corrected Separate Order is today being filed by this Court, in which the sum of $4,968.28 will be substituted for the sum of $14,417.28 which appears in this Court's September 21, 1992, Order.