PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 11 2000
THOMAS K. KAHN
CLERK

_____

No. 99-14507

_____

D. C. Docket No. 96-00800-CV-CC-1

TRUCKS, INC.,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 11, 2000)**

Before EDMONSON and BIRCH, Circuit Judges, and BLACKBURN*, District
Judge.

_____
* Honorable Sharon Lovelace Blackburn, U.S. District Judge for the Northern District of
Alabama, sitting by designation.

BIRCH, Circuit Judge:

In this appeal, we decide if the determination of whether an employer reasonably anticipated that on-the-road employees would incur certain expenses is a question of law properly decided on summary judgment or a question of fact for the jury. The district court granted summary judgment against the taxpayer and found that the employer had not shown sufficient proof of reasonable anticipation of on-the-road expenses to survive the government's motion for summary judgment. We REVERSE and REMAND for trial.

## I. BACKGROUND

Plaintiff-appellant Trucks, Inc. ("Trucks"), is a trucking company that does business primarily in the southeastern United States, but also on the East Coast and in Texas. Because most of the drivers live in Georgia and Florida, they are often required to stay away from home, sometimes for as long as two weeks. While away from home, they incur food, lodging, and incidental expenses. Trucks reimburses truckers for these expenses on a per diem rate based on the "load revenue." The load revenue, which averages $1 per mile, is calculated primarily by the number of miles driven, but is modified to account for weather, unloading and reloading, and road conditions in the particular area. Between 1991 and 1994,

2

the time period at issue, drivers were reimbursed 6% of the load revenue to cover their food, lodging, and incidentals.

At the end of each trip, drivers turned in daily time logs, which reflected the number of hours the driver worked on a trip, and a trip envelope, which contained the delivery receipt and all the receipts for gas purchased. The envelope also had the name of the driver, the date and location of the trip's origin, the destination, the number of miles driven, the states driven through, the amount of gas purchased, and the routes run. At the end of each week, Trucks gave its drivers a settlement sheet, which calculated the amount of load revenue completed that week, the 14% of load revenue that was paid as wages and the 6% of load revenue that was paid as reimbursement for expenses. Drivers were not required to turn in receipts for food, lodging, or incidentals, and received the 6% reimbursement even if they chose to sleep in the sleeper compartment of their trucks rather than paying for lodging.

During the years in question, Trucks excluded the 6% per diem reimbursement from its employees' tax withholdings because Trucks believed that the reimbursement was not considered taxable income under the relevant sections of the Internal Revenue Code ("Code"). See 26 U.S.C. § 62(a)(2)(A). Subsequently, the Internal Revenue Service ("IRS") determined that the Trucks policy was not covered by § 62(a)(2)(A), so the 6% reimbursement should have

3

been considered wages. The IRS assessed employment taxes, penalties,[1] and interest against Trucks in the amount of $804,138.[2] Trucks paid $12,000 toward this assessment, and then filed a lawsuit asking for a refund of the $12,000 and an abatement of all other IRS assessments, including all employment taxes, penalties, and interest.

On cross motions for summary judgment, the district court found that Trucks failed to meet its burden of showing that its expense reimbursements were paid pursuant to an accountable plan. Therefore Trucks did not show that the reimbursements were covered under § 62(a)(2)(A). The district court granted the IRS's motion for summary judgment and, after additional briefing, ordered Trucks to pay $804,138 plus interest. Trucks appeals.

## II. DISCUSSION

A. Standard of Review

We review a grant of summary judgment de novo and apply the same standards as the district court. See United States v. Mays, 763 F.2d 1295, 1296 (11th Cir. 1985) (per curiam). Summary judgment is appropriate where "the

---

[1]Trucks also appeals the assessment of penalties, but we will not address this issue because we are reversing the summary judgment decision and sending the case to trial.

[2]Although the original amount was higher, the IRS later admitted to miscalculating the total and amended its counterclaim to reflect this lower number.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c). We review the evidence in the light most favorable to the non-moving party. See Brett v. Jefferson County, Georgia, 123 F.3d 1429, 1432 (11th Cir. 1997).

To survive a motion for summary judgment, the non-movant must present evidence that there is a dispute about a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510 (1986). In considering a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255, 106 S.Ct. at 2513. The judge will deny the motion if the non-movant can show that a reasonable trier of fact might return a verdict in its favor. Id. at 248, 106 S.Ct. at 2510.

B. Tax Law

1. Burden of Proof

The burden of proof in a tax refund case is on the taxpayer to show erroneous findings by the IRS because the IRS's "deficiency determinations are presumed correct". Mays, 763 F.2d at 1297. Trucks must be able to corroborate its

claim by evidence beyond "tax returns, uncorroborated oral testimony, or self-serving statements." Id. (citations omitted). However, evidence about the state of mind of the company's president, who made many of the decisions at issue here, is considered direct evidence as to the reasonableness of her decisions, and will not be seen as merely self-serving statements. See Rogers v. Evans, 792 F.2d 1052, (11th Cir. 1986) ("Ordinarily, summary judgment should not be granted in cases where motive, intent, subjective feelings, and reactions are to be searched.").

2. Accountable Plans

An employer may deduct from his gross income reimbursements for business expenses incurred by an employee "under a reimbursement or other expense allowance arrangement with his employer." 26 U.S.C. § 62(a)(2)(A). A plan that is covered under § 62, and, therefore, is exempt from employment taxation, is considered an "accountable plan" under 26 C.F.R. § 1.62-2(c)(2)(i) (2000).[3] A plan is "accountable" when (1) it covers only expenses with a business connection, see id. at 1.62-2(d); (2) all expenses are substantiated to the employer, see id. at § 1.62-2(e); and (3) the employee is required to return to the employer any amount paid in excess of substantiated expenses, see id. at § 1.62-2(f). See

---

[3]Although the 2000 regulations do not govern this case, the relevant portions of the CFR have not changed since the time period at issue, so we will refer to the 2000 CFR throughout.

also <u>Robertson v. Commissioner</u>, 190 F.3d 392, 395 (5th Cir. 1999).  If a plan does not meet these criteria, it is considered "nonaccountable" and is subject to withholding and employment taxes.  <u>See</u> <u>id.</u> at §§ 1.62-2(c)(3)(i) & 1.62-2(c)(5).

C.  <u>Analysis</u>

Though we will address each of the three prongs of the § 62 test for an accountable plan independently, each of the prongs ultimately relies on the question of whether Trucks reasonably anticipated and calculated the drivers' expenses before reimbursing them.  Our review of the proffered evidence shows that Trucks presented sufficient evidence to create a genuine dispute about its state of mind.  These questions of reasonableness and state of mind are proper questions for the jury and should not be decided on summary judgment once Trucks has met its initial burden.  <u>See</u> <u>American Airlines, Inc. v. United States</u>, 204 F.3d 1103, 1110 (Fed. Cir. 2000) ("[W]e find that a factual dispute exists concerning whether American reasonably believed its per diem rates were at or below its flight crew employees' actual expenses."); <u>Alabama Farm Bureau Mut. Cas. Co., Inc. v. American Fid. Life Ins. Co.</u>, 606 F.2d 602, 609 (5th Cir. 1979) ("Summary judgment may be improper, even though the basic facts are undisputed, if the ultimate facts in question are to be inferred from them, and the parties disagree regarding the permissible inferences that can be drawn from the basic facts.").

1. Business Connection Test

A reimbursement plan passes the business connection test if the expenses incurred are covered under 26 U.S.C. § 161 et seq. and they "are paid or incurred by the employee in connection with the performance of services as an employee of the employer." 26 C.F.R. § 1.62-2(d)(1). In order for the reimbursements to qualify as business expenses, the employer can pay the employee only the amount "the employee incurs (or is reasonably expected to incur)." Id. at § 1.62-2(d)(3)(i).

The district judge found that Trucks did not meet the business connection prong of Code § 62 because Trucks paid its employees the 6% of load revenue flat rate, regardless of whether the drivers paid for lodging or slept in the sleeper compartments of the trucks. In reaching this conclusion, the district judge relied on the lack of record-keeping on how many nights the drivers slept in motels and Trucks's owner, Helen Willis's, affidavit stating that she did not know how many nights the drivers incurred lodging expenses.

Trucks relies on Willis's deposition to counter this finding because Willis outlines the research that she did on how other trucking companies reimbursed drivers for expenses. Based on this research, Trucks claims that it relied on standard business practices to establish the 6% of load revenue reimbursement rate. Standard business practice is an acceptable method to anticipate reasonable

8

expenses when employees are paid at a flat rate or stated schedule. See Rev. Proc. 90-60, 1990-2 C.B. 651§ 3.03[4] ("[S]uch allowance may be paid . . . on any other basis that is consistently applied and in accordance with reasonable business practice."). It is possible that a jury would decide that Trucks passes the business connection test because Willis could reasonably expect the drivers to incur the same expenses as other drivers in the industry. Additionally, the focus of the business connection test is on the employer's reasonable expectations, not the drivers' actual expenditures. These questions of reliability and state of mind fall within the purview of the jury.

The IRS analogizes this case to Shotgun Delivery, Inc. v. United States, 85 F. Supp.2d 962 (N.D. Cal. 2000). Not only is that case not binding in this circuit, nor on any circuit court, but also summary judgment was granted to the IRS because "Shotgun's reimbursement arrangement reimbursed its drivers regardless of actual mileage driven or expenses incurred." Id. at 965. Trucks's plan was based mostly on the mileage driven, and then adjusted for factors that would make the trip longer or more difficult. Therefore, it is not analogous to Shotgun.

---

[4]"During the years involved in this case, the IRS established [travel expense] rules in Rev. Proc. 90-60, 1990-2 C.B. 651; Rev. Proc. 92-17, 1992-1 C.B. 679; and Rev. Proc. 93-21, 1993-1 C.B. 529. Both parties agreed that for purposes of this action there are no substantial differences in the three procedures for purposes of this matter. Thus, all cites will be to Rev. Proc. 90-60." Appellant's Brief at 21. See also Appellee's Brief at 29.

2.  Substantiation Requirement

The substantiation test requires employees to substantiate each business expense to his or her employer within a reasonable time period.  The employee must give the employer "information sufficient to substantiate the amount, time, place, and business purpose of the expense." 26 C.F.R. § 1.62-2(e)(2).  In a series of publications, the Commissioner exempted employers that reimburse their employees on a flat rate per diem allowance from this substantiation requirement if the employer's plan meets certain criteria.  The definition of a "per diem allowance" eligible to bypass this requirement is a payment under a reimbursement or other expense allowance arrangement that meets the requirements specified in section 1.62-(c)(1) of the regulations and that is

> (1) paid with respect to ordinary and necessary business expenses incurred, or which the payor reasonably anticipates will be incurred, by an employee for lodging, meal, and/or incidental expenses for travel away from home in connection with the performance of services as an employee of the employer, (2) reasonably calculated not to exceed the amount of the expenses or the anticipated expenses, and (3) paid at the applicable Federal per diem rate, a flat rate or stated schedule, or in accordance with any other Service-specified rate or schedule.  Rev. Proc. 90-60, 1990-2 C.B. 651, 652 § 3.01.

The first prong of this test is not in dispute.  Addressing the second and third prongs, Trucks claims that its plan falls under this exception to the substantiation requirement because the reimbursement is for the amount that Trucks reasonably

10

anticipated drivers to spend and the final reimbursement was lower than the federal per diem rate. The district judge disagreed and found that the relationship between the drivers' expenses and the 6% reimbursement was tenuous, and that Trucks's plan was not reasonably calculated not to exceed the amount of expenses or anticipated expenses as required by the revenue procedure.

We conclude that whether or not Trucks's policy was reasonable is a question of fact for the jury to decide because Trucks provided some evidence that its plan was reasonably calculated not to exceed anticipated expenses. For example, Trucks argues that it was reasonable to believe that its plan would qualify because it resulted in reimbursements lower than what the federal government says an employer could reasonably anticipate. The reasonableness of both Trucks's calculations and anticipations is a jury question and not appropriate for summary judgment because Trucks has produced some evidence that its plan met the IRS requirements at the time.

3. Return of Excess Requirement

Federal regulations require an employee to return to the employer within a reasonable time any "amount paid under the arrangement in excess of the expenses substantiated in accordance with paragraph (e) of this section." 26 C.F.R. § 1.62-2(f)(1). In the case of a per diem allowance, however, a plan will satisfy this

11

requirement "provided the allowance is paid at a rate for each day or mile of travel that is reasonably calculated not to exceed the amount of the employee's expenses or anticipated expenses and the employee is required to return to the payor within a reasonable period of time any portion of such allowance which relates to days or miles of travel not substantiated." Id. at § 1.62-2(f)(2).

The district court found that because Trucks's policy did not require drivers to return the 1% of load revenue directed towards lodging if they chose to sleep in the sleeping berths in the trucks, Trucks failed this third requirement as well. Trucks relies on Rev. Proc. 90-60 §7.02, which requires accountable per diem allowances to ask that employees return the per diem allowance for "days of travel not substantiated," as opposed to costs not substantiated. Because Trucks reimbursed drivers after the trip, and, therefore, already knew how many days had been substantiated, it argues that it meets this requirement. Again, this is a question for the jury, because it depends on whether Trucks's plan qualifies as a per diem allowance, which depends on its reasonable anticipation of expenses.

III. CONCLUSION

Trucks produced sufficient evidence during the summary judgment phase to show a genuine dispute over the reasonableness of its decision that expense reimbursements were paid under an accountable per diem allowance. Because

12

Trucks has met its burden of showing that a reasonable juror could decide that its reimbursement plan qualified as an accountable allowance under Code § 62, summary judgment is not appropriate. Therefore, we REVERSE and REMAND for a jury trial.