[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10914
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-20884-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTELLE STEIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 4, 2016)

Before WILLIAM PRYOR, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Estelle Stein appeals the summary judgment in favor of the United States for

unpaid federal income taxes, late penalties, and interest accrued for tax years 1996

and 1999 through 2002. Stein argues that the district court erred because her affidavit created a genuine factual dispute about whether she had paid the taxes and penalties owed. The government responds that Stein's conclusory affidavit was insufficient to rebut the presumption that its assessment was valid. The government also requests that we remand for the district court to revise its judgment to credit Stein for a $548 payment for tax year 1996. We affirm the entry of summary judgment regarding Stein's liability, but we vacate that part of the judgment computing the amount of the assessments and remand for the district court to recalculate the assessment against Stein for tax year 1996.

We review *de novo* a summary judgment and view the evidence in the light most favorable to the nonmovant. "If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence." *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991). When the evidence presented by the nonmoving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (citations omitted).

The district court did not err by entering summary judgment in favor of the United States. The United States submitted copies of Stein's federal tax returns,

2

transcripts of her accounts for tax years 1996 and 1999 through 2002, and an affidavit from Officer Michael Brewer of the Internal Revenue Service that established Stein had outstanding tax assessments. This evidence created a presumption that the assessments were proper and shifted the burden to Stein to rebut the presumption with evidence that the assessments were erroneous. *See United States v. White*, 466 F.3d 1241, 1248–49 (11th Cir. 2006). Stein submitted an affidavit stating that she "retained an accounting firm to file . . . tax returns for [her]"; she "recalled" paying "the tax, including late penalties, for each unfiled tax return"; and she "no longer [had] . . . bank statements in her possession" and could not obtain statements from her bank to "prove [her] payments made to the IRS." But Stein's affidavit failed to create a genuine factual dispute about the validity of the assessments. Stein did not dispute that she owed interest accrued on her belated filings and payments for tax years 1999 through 2002. And Stein's general and self-serving assertions that she paid the taxes owed and related late penalties for tax years 1996 and 1999 through 2002 failed to rebut the presumption established by the assessments. *See Mays v. United States*, 763 F.2d 1295, 1297 (11th Cir. 1985) (a taxpayer's claim "must be substantiated by something other than . . . self-serving statements").

The United States requests that we remand for the district court to credit Stein for a tax payment. In its filings, the United States acknowledged that Stein

3

had remitted $548 that applied to her assessment for tax year 1996. The district court failed to account for Stein's payment when computing her tax liabilities. We vacate that part of the judgment addressing the amount of Stein's assessments and remand for the district court to credit Stein's payment and to recalculate her assessment for tax year 1996.

We **AFFIRM** the entry of summary judgment regarding Stein's liability, but we **VACATE** that part of the judgment computing the amount of the assessments and **REMAND** for the district court to recalculate Stein's assessment for tax year 1996.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

JORDAN, Circuit Judge, joined by WILLIAM PRYOR, Circuit Judge, concurring:

We are bound by our decision in *Mays v. United States*, 763 F.2d 1295, 1297 (11th Cir. 1985), a summary judgment case holding that self-serving statements in a taxpayer's affidavit, without more, are insufficient to genuinely dispute the presumption that the government's tax assessment is correct. I therefore reluctantly agree that we must affirm the district court's grant of summary judgment.

I write separately, however, because the cases upon which *Mays* relies arise in the post-trial context, where the standard of review is much more deferential than at the summary judgment stage. The principle articulated in *Mays* has no place in a summary judgment posture. And I believe that the single precedent supporting *Mays*' analytical leap, *Heyman v. United States*, 497 F.2d 121 (5th Cir. 1974), was itself wrongly decided.

## I

In support of the proposition that uncorroborated, self-serving testimony by a taxpayer cannot create an issue of fact to defeat summary judgment, *Mays* cites two non-summary judgment cases. Neither one justifies the ruling in *Mays*.

The government in *Griffin v. United States*, 588 F.2d 521 (5th Cir. 1979), sought to set aside a jury verdict finding a taxpayer liable for less than the amount claimed by the government on the basis that the taxpayer had "introduced no

5

evidence other than his own uncorroborated testimony supporting an estimate of tax liability lower than the government's, thus failing in his burden of rebutting the government's estimate of liability." *Id.* at 523–24.  The Fifth Circuit, in dicta, agreed with the general principle articulated by the government, but denied relief because other evidence introduced at trial had corroborated the taxpayer's testimony. *See id.* at 529–30.

Similarly, in *Gibson v. United States*, 360 F.2d 457 (5th Cir. 1966), a taxpayer appealed unfavorable factual findings made by the district court at his bench trial, arguing primarily that the court erred by disregarding the tax liability calculations in his "excise tax journal" and the testimony he had offered in support. *Id.* at 458–60.  The Fifth Circuit held that the district court's findings were not clearly erroneous and explained that the taxpayer's self-serving statements did "not compel a contrary result." *Id.* at 461–62.

These two cases do not support *Mays*' holding.  At summary judgment the moving party has an affirmative obligation to establish the absence of a genuine issue of material fact and to show that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.  A single material fact genuinely in dispute makes it the proper province of the jury, and not the court, to decide the outcome.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and

determine the truth of the matter but to determine whether there is a genuine issue for trial.").

*Gibson* involved a bench trial, and in that context we do not disturb a district court's factual findings unless the appellant accomplishes the herculean task of demonstrating that "the record lacks substantial evidence to support [them]," such "that our review of the entire evidence leaves us with the definite and firm conviction that a mistake has been committed." *Ocmulgee Fields, Inc. v. C.I.R.*, 613 F.3d 1360, 1364 (11th Cir. 2010). And reversing a jury verdict for insufficient evidence, as the government attempted to do in *Griffin*, occurs only when "the facts and inferences point overwhelmingly in favor of the moving party, such that reasonable people could not arrive at a contrary verdict"—the polar opposite of the standard that applies at summary judgment. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

Likewise, none of the binding cases cited by *Griffin* and *Gibson* arose in a summary judgment posture. *See Carson v. United States*, 560 F.2d 693, 695 (5th Cir. 1977) (reviewing factual findings by district court following bench trial); *Pinder v. United States*, 330 F.2d 119, 121 (5th Cir. 1964) (reviewing jury verdict); *C.I.R. v. Smith*, 285 F.2d 91, 93 (5th Cir. 1960) (reviewing tax court's factual findings following bench trial); *Carter v. C.I.R.*, 257 F.2d 595, 596, 599 (5th Cir. 1958) (same); *Anderson v. C.I.R.*, 250 F.2d 242, 246–47 (5th Cir. 1957) (same);

7

*Kite v. C.I.R.*, 217 F.2d 585, 588 (5th Cir. 1955) (same); *Archer v. C.I.R.*, 227 F.2d 270, 272 (5th Cir. 1955) (same); *Boyett v. C. I. R.*, 204 F.2d 205, 208 (5th Cir. 1953) (same); *Carmack v. C.I.R.*, 183 F.2d 1, 2 (5th Cir. 1950) (same). *See also Quock Ting v. United States*, 140 U.S. 417, 422 (1891) (reviewing factual findings by district court). In short, these cases, with their more deferential standards of review, do not provide the proper framework at summary judgment.

## II

*Heyman*, a non-summary judgment case, is the only other precedent besides *Mays* that supports entering summary judgment over a taxpayer's unsubstantiated, self-serving testimony. The taxpayers in *Heyman* paid wagering excise taxes and sued for a refund. *See* 497 F.2d at 122. In response, the government counterclaimed for the unpaid portion of the assessment against each taxpayer. *See id.* At trial, one taxpayer claimed that the government overtaxed him because it misunderstood the amount of wagers that he had actually placed, and offered uncorroborated testimony contradicting the government's assessment. *See id.* at 122–23. The district court directed a verdict in favor of the government despite this testimony, and the taxpayer appealed. *See id.* at 122. The Fifth Circuit affirmed the directed verdict, holding that the taxpayer's uncorroborated testimony was insufficient to meet his burden of showing that the government's assessment was incorrect. *See id.* at 122–23.

8

The standard for a directed verdict under Federal Rule of Civil Procedure 50(a)—now referred to as a judgment as a matter of law—mirrors the standard for summary judgment. *See Liberty Lobby, Inc.*, 477 U.S. at 250 ("[T]he trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict."). *Heyman* supports the outcome in *Mays* because, though at a different stage in litigation, *Heyman* effectively held that "reasonable minds could [not] differ" as to whether uncorroborated, self-serving statements could overcome the presumption of correctness due to the government's assessment. *Id.* at 250–51.

But *Heyman*, a case which cited no authority whatsoever for its ruling, was wrongly decided. As explained above, none of the cases cited by *Mays*, nor any of those cases' antecedents, hold that self-serving statements made by a taxpayer with personal knowledge cannot create a jury question as to the correctness of the government's assessment. All they say is that a reasonable factfinder—be it the jury, the district court, or the tax court—may properly disregard uncorroborated, self-serving statements as suspect. This is a far cry from the conclusion in *Heyman* that no reasonable factfinder could decide differently.

### III

*Mays* should be overruled. Though the evidentiary weight of self-serving testimony may warrant discounting by the factfinder at trial, that logic has no place

9

at summary judgment, where "the judge's function is not . . . to weigh the evidence." *Id.* at 249. And it makes no difference that this is a tax case. As the Sixth Circuit previously noted, albeit in an unpublished decision, there is no authority for the proposition that the ordinary summary judgment standard does not apply to tax cases. *See Lewis v. United States*, 336 F. App'x 535, 538 (6th Cir. 2009).

More problematically, *Mays* controverts Rule 56. Rule 56(a) authorizes summary judgment only when "there is no genuine dispute as to any material fact" and Rule 56(c), in turn, allows a nonmoving party to genuinely dispute a material fact through an affidavit. That affidavit must be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c).

Nothing in the Federal Rules of Civil Procedure prohibits a Rule 56 affidavit from being self-serving. Indeed, as the Seventh Circuit wisely observed, "most affidavits submitted [in response to summary judgment] are self-serving." *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003). Yet it is not the self-serving nature of the affidavits that often renders them ineffective against summary judgment, but some other deficiency under Rule 56(c). *See id.*

By requiring that taxpayers corroborate otherwise admissible affidavits to dispute a material fact, such as the tax liability owed or, as here, payments made,

*Mays* imposes an additional burden on nonmoving parties that Rule 56(c), by its own terms, does not.   This is precisely the sort of court-imposed, heightened standard the Supreme Court has admonished as an improper amendment of the Federal Rules of Civil Procedure.   *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168–69 (1993) (reversing the Fifth Circuit for imposing a "heightened pleading standard" for municipal liability cases not found in Federal Rules of Civil Procedure 8 and 9).   *See also Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1168–69 (11th Cir. 2014).

## IV

*Mays* was wrongly decided, as it constituted an unwarranted and unsupported deviation from Rule 56.   We should convene en banc and overrule *Mays*.

11