PER CURIAM:
Estelle Stein appeals the summary judgment in favor of the United States for unpaid federal income taxes, late penalties, and interest accrued for tax years 1996 and 1999 through 2002. Stein argues that the district court erred because her affidavit created a genuine factual dispute about whether she had paid the taxes and penalties owed. The government responds that Stein’s conclusory affidavit was insufficient to rebut the presumption that its assessment was valid. The government also requests that we remand for the district court to revise its judgment to credit Stein for a $648 payment for tax year 1996. We affirm the entry of summary judgment regarding Stein’s liability, but we vacate that part of the judgment computing the amount of the assessments and remand for the district court to recalculate the assessment against Stein for tax year 1996.
We review de novo a summary judgment and view the evidence in the light most *1355 favorable to the nonmovant. “If the party seeking summary judgment meets the initial burden of demonstrating the ábsence of a genuine issue of material fact, the burden then shifts to the nonmoving party to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence.” Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). When the evidence presented by the nonmoving party “is merely colorable, .or is not significantly probative, summary judgment may be granted.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted).
The district court did not err by entering summary judgment in favor of the United States. The United States submitted copies of Stein’s federal tax returns, transcripts of her accounts for tax years 1996 and 1999 through 2002, and an affidavit’ from Officer Michael Brewer of the Internal Revenue Service that established Stein had outstanding tax assessments. This evidence created a presumption that the assessments were proper and shifted the burden to Stein to rebut the presumption with evidence that the assessments were erroneous. See United States v. White, 466 F.3d 1241, 1248-49 (11th Cir. 2006). Stein submitted an affidavit stating that she “retained an accounting firm to file ... tax returns for [her]”; she “recalled” paying “the tax, including late penalties, for each unfiled tax return”; and she “no longer [had] ... bank statements in her possession” and could not obtain statements from her bank to “prove [her] payments made to the IRS.” But Stein’s affidavit failed to create a genuine factual dispute about the validity of the assessments. Stein did not dispute that she owed interest accrued on her belated filings and payments for tax years 1999 through 2002. And Stein’s general and self-serving assertions that she paid the taxes owed and related late penalties for tax years 1996 and 1999 through 2002 failed to rebut the presumption established by the assessments. See Mays v. United States, 763 F.2d 1295, 1297 (11th Cir. 1985) (a taxpayer’s claim “must be substantiated by something other than ... self-serving statements”).
The United States- requests that we remand for the district court to credit Stein for a tax payment. In its filings, the United States acknowledged that Stein had remitted $548 that applied to her assessment for tax year 1996. The district court failed to account for Stein’s payment when computing her tax liabilities. We vacate that part of the judgment addressing the amount of Stein’s assessments and remand for the district court to credit Stein’s payment and to recalculate her assessment for tax year 1996.
We AFFIRM the entry of summary judgment regarding Stein’s liability, but we VACATE that part of the judgment computing the amount of the assessments and REMAND for the district court to recalculate Stein’s assessment for tax year 1996.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.