JORDAN, Circuit Judge,
joined by WILLIAM PRYOR, Circuit Judge, concurring:
We are bound by our decision in Mays v. United States, 763 F.2d 1295, 1297 (11th Cir. 1985), a summary judgment case holding that self-serving statements in a taxpayer’s affidavit, without more, are insufficient to genuinely dispute the presumption *1356 that the government’s tax assessment is correct. I therefore reluctantly agree that we must affirm the district court’s grant of summary judgment.
I write separately, however, because the cases upon which Mays relies arise in the post-trial context, where the standard of review is much more deferential than at the summary judgment stage. The principle articulated in Mays has no place in a summary judgment posture. And I believe that the single precedent supporting Mays’ analytical leap, Heyman v. United States, 497 F.2d 121 (5th Cir. 1974), was itself wrongly decided.
I
In support of the proposition that uncorroborated, self-serving testimony by a taxpayer cannot create an issue of fact to defeat summary judgment, Mays cites two non-summary judgment cases. Neither one justifies the ruling in Mays.
The government in Griffin v. United States, 588 F.2d 521 (5th Cir. 1979), sought to set aside a jury verdict finding a taxpayer liable for less than the amount claimed by the government on the basis that the taxpayer had “introduced no evidence other than his own uncorroborated testimony supporting an estimate of tax liability lower than the government’s, thus failing in his burden of rebutting the government’s estimate of liability.” Id. at 523-24. The Fifth Circuit, in dicta, agreed with the general principle articulated by the government, but denied relief because other evidence introduced at trial had corroborated the taxpayer’s testimony. See id. at 529-30.
Similarly, in Gibson v. United States, 360 F.2d 457 (5th Cir. 1966), a taxpayer appealed unfavorable factual findings made by the district court at his bench trial, arguing primarily that the court erred by disregarding the tax liability calculations in his “excise tax journal” and the testimony he had offered in support. Id. at 458-60. The Fifth Circuit held that the district court’s findings were not clearly erroneous and explained that the taxpayer’s self-serving statements did “not compel a contrary result.” Id. at 461-62.
These two cases do not support Mays’ holding. At summary judgment the moving party has an affirmative obligation to establish the absence of a genuine issue of material fact and to show that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. A single material fact genuinely in dispute makes it the proper province of the jury, and not the court, to decide the outcome. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (“[A]t the summary judgment stage the judge’s function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial”).
Gibson involved a bench trial, and in that context we do not disturb a district court’s factual findings unless the appellant accomplishes the herculean task of demonstrating that “the record lacks substantial evidence to support [them],” such “that our review of the entire evidence leaves us with the definite and firm conviction that a mistake has been committed.” Ocmulgee Fields, Inc. v. C.I.R., 613 F.3d 1360, 1364 (11th Cir. 2010). And reversing a jury verdict for insufficient evidence, as the government attempted to do in Griffin, occurs only when “the facts and inferences point overwhelmingly in favor of the moving party, such that reasonable people could not arrive at a contrary verdict”— *1357 the polar opposite of the standard that applies at summary judgment. See Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).
Likewise, none of the binding cases cited by Griffin and Gibson arose in a summary judgment posture. See Carson v. United States, 560 F.2d 693, 695 (5th Cir. 1977) (reviewing factual findings by district court following bench trial); Pinder v. United States, 330 F.2d 119, 121 (5th Cir. 1964) (reviewing jury verdict); C.I.R. v. Smith, 285 F.2d 91, 93 (5th Cir. 1960) (reviewing tax court’s factual findings following bench trial); Carter v. C.I.R., 257 F.2d 595, 596, 599 (5th Cir. 1958) (same); Anderson v. C.I.R., 250 F.2d 242, 246-47 (5th Cir. 1957) (same); Kite v. C.I.R., 217 F.2d 585, 588 (5th Cir. 1955) (same); Archer v. C.I.R., 227 F.2d 270, 272 (5th Cir. 1955) (same); Boyett v. C. I. R. 204 F.2d 205, 208 (5th Cir. 1953) (same); Carmack v. C.I.R., 183 F.2d 1, 2 (5th Cir. 1950) (same). See also Quock Ting v. United States, 140 U.S. 417, 422, 11 S.Ct. 851, 35 L.Ed. 501 (1891) (reviewing factual findings by district court). In short, these cases, with their more deferential standards of review, do not provide the proper framework at summary judgment.
II
Heyman, a non-summary judgment case, is the only other precedent besides Mays that supports entering summary judgment over a taxpayer’s unsubstantiated, self-serving testimony. The taxpayers in Heyman paid wagering excise taxes and sued for a refund. See 497 F.2d at 122. In response, the government counterclaimed for the unpaid portion of the assessment against each taxpayer. See id. At trial, one taxpayer claimed that the government overtaxed him because it misunderstood the amount of wagers that he had actually placed, and offered uncorroborated testimony contradicting the government’s assessment. See id. at 122-23. The district court directed a verdict in favor of the government despite this testimony, and the taxpayer appealed. See id. at 122. The Fifth Circuit affirmed the directed verdict, holding that the taxpayer’s uncorroborated testimony was insufficient to meet his burden of showing that the government’s assessment was incorrect. See id. at 122-23.
The standard for a directed verdict under Federal Rule of Civil Procedure 50(a)—now referred to as a judgment as a matter of law—mirrors the standard for summary judgment. See Liberty Lobby, Inc., 477 U.S. at 250, 106 S.Ct. 2505 (“[T]he trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.”). Heyman supports the outcome in Mays because, though at a different stage in litigation, Heyman effectively held that “reasonable minds could [not] differ” as to whether uncorroborated, self-serving statements could overcome the presumption. of correctness due to the government’s assessment. Id. at 250-51, 106 S.Ct. 2505.
But Heyman, a case which cited no authority whatsoever for its ruling, was wrongly decided. As explained above, none of the cases cited by Mays, nor any of those cases’ antecedents, hold that self-serving statements made by a taxpayer with personal knowledge cannot create a jury question as to the correctness of the government’s assessment. All they say is that a reasonable factfinder—be it the jury, the district court, or the tax court— may properly disregard uncorroborated, self-serving statements as suspect. This is a far cry from the conclusion in Heyman *1358 that no reasonable factfinder could decide differently.
Ill
Mays should be overruled. Though the evidentiary weight of self-serving testimony may warrant discounting by the factfin-der at trial, that logic has no place at summary judgment, where “the judge’s function is not ... to weigh the evidence.” Id. at 249. And it makes no difference that this is a tax case. As the Sixth Circuit previously noted, albeit in an unpublished decision, there is no authority for the proposition that the ordinary summary judgment standard does not apply to tax cases. See Lewis v. United States, 336 Fed.Appx. 535, 538 (6th Cir. 2009).
More problematically, Mays controverts Rule 56. Rule 56(a) authorizes summary judgment only when “there is no genuine dispute as to any material fact” and Rule 56(c), in turn, allows a nonmoving party to genuinely dispute a material fact through an affidavit. That affidavit must be “made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is' competent to testify on the matters stated.” Fed. R. Civ. P. 56(c).
Nothing in the Federal Rules of Civil Procedure prohibits a Rule 56 affidavit from being self-serving. Indeed, as the Seventh Circuit wisely observed, “most affidavits submitted [in response to summary judgment] are self-serving." Payne v. Pauley, 337 F.3d 767, 772 (7th Cir. 2003). Yet it is not the self-serving nature of the affidavits that often renders them ineffective against summary judgment, but some other deficiency under Rule 56(c). See id.
By requiring that taxpayers corroborate otherwise admissible affidavits to dispute a material fact, such as the tax liability owed or, as here, payments made, Mays imposes an additional burden on nonmoving parties that Rule 56(c), by its own terms, does not. This is precisely the sort of court-imposed, heightened standard the Supreme Court has admonished as an improper amendment of the Federal Rules of Civil Procedure. See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (reversing the Fifth Circuit for imposing a “heightened pleading standard”' for municipal liability cases not found in Federal Rules of Civil Procedure 8 and 9). See also Adinolfe v. United Techs. Corp., 768 F.3d 1161, 1168-69 (11th Cir. 2014).
iy
Mays was wrongly decided, as it constituted an unwarranted and unsupported deviation from Rule 56. We should convene en banc and overrule Mays.