[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10914
_____

D.C. Docket No. 1:15-cv-20884-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTELLE STEIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 9, 2018)

Before WILLIAM PRYOR, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Estelle Stein appeals the grant of summary judgment in favor of the United

States for unpaid federal income taxes, late penalties, and interest accrued for five

tax years. This appeal has evolved several times since Stein appealed. Bound by

*Mays v. United States*, 763 F.2d 1295 (11th Cir. 1985), this panel initially affirmed because Stein could offer only a self-serving affidavit to establish that she paid the disputed assessments. But our Court later granted rehearing en banc and overruled *Mays* in *United States v. Stein*, 881 F.3d 853 (11th Cir. 2018) (en banc). On remand to the original panel, the parties now advance arguments that no longer resemble the arguments they made to the district court. Because we are not a court of first review, we vacate the judgment of the district court and remand to allow the district court to consider the new arguments in the first instance.

In 2015, the government sued Estelle Stein and moved for summary judgment to reduce certain income tax assessments to judgment. It submitted copies of her federal tax returns, transcripts of her accounts, and an affidavit from an officer of the Internal Revenue Service. Stein responded with an affidavit that attested that, "to the best of [her] recollection," she had paid the taxes and penalties owed for the years in question. But she acknowledged that she no longer had, and could not obtain, bank statements to corroborate her account.

The government prevailed in the district court on the theory that a taxpayer's self-serving affidavit is insufficient to defeat summary judgment. It argued that it had made timely assessments and that those assessments were presumptively correct. It then cited *Mays* and declared that "Stein's self-serving uncorroborated pleadings are insufficient to rebut th[at] presumption of correctness." The district

2

court agreed and granted summary judgment in favor of the government. It ruled that Stein did not satisfy her burden to overcome the presumption of correctness because "she did not produce any evidence documenting [her alleged] payments."

This panel affirmed. We cited *Mays* and explained that "Stein's general and self-serving assertions that she paid the taxes owed and related late penalties . . . failed to rebut the presumption established by the assessments." *United States v. Stein*, 840 F.3d 1355, 1357 (11th Cir. 2016) (citing *Mays*, 763 F.2d at 1297). But the full Court vacated the panel opinion and reheard the appeal en banc.

The en banc Court overruled *Mays*. We held that "[a] non-conclusory affidavit which complies with [Federal Rule of Civil Procedure] 56 can create a genuine dispute concerning an issue of material fact, even if it is self-serving and/or uncorroborated." *Stein*, 881 F.3d at 858–59. But we cautioned that "a self-serving and/or uncorroborated affidavit will [not] always preclude summary judgment," and we declined to decide whether "substantive federal tax law" requires corroboration of a taxpayer's affidavit. *Id.* at 859.

On remand to the panel, the government dispenses with any reliance on *Mays* but argues that it is still entitled to summary judgment. The government contends that Stein's affidavit fails to create a genuine issue of material fact about her tax liability. For example, it maintains that Stein must "show that funds were actually delivered to the [Internal Revenue Service]" to defeat summary judgment.

3

Because these arguments were never presented by the government to the district court, we decline to consider them in the first instance. "[A]s a court of appeals, we review claims of judicial error in the trial courts." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). "If we were to regularly address questions . . . that district[] court[s] never had a chance to examine, we would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court." *Id.* Indeed, "[t]oo often our colleagues on the district courts complain that the appellate cases about which they read were not the cases argued before them." *Irving v. Mazda Motor Corp.*, 136 F.3d 764, 769 (11th Cir. 1998).

We **VACATE** the summary judgment entered by the district court and **REMAND** for further proceedings consistent with our en banc opinion.