United States Court of Appeals,

Eleventh Circuit.

No. 94-8805

Non-Argument Calendar.

Terrell COOPER, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Aug. 11, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:92-cv-1642-ODE), Orinda D. Evans, Judge.

Before EDMONDSON, COX and DUBINA, Circuit Judges.

PER CURIAM:

This case arises on appeal after a lengthy dispute between Terrell Cooper ("Cooper") and the Internal Revenue Service ("IRS"). The facts are set forth in detail by the district court in its order dated May 9, 1994, but we summarize the pertinent facts for purposes of this appeal.

I.

Cooper owned a 20% share of a corporation named Co-Jo, which operated the "On Stage Cuisine" restaurant. There were four other shareholders who also owned 20% of the business, Donald Jorgensen ("Jorgensen"), Michael Cobb ("Cobb"), Frank Crivello ("Crivello") and Theodore Ahrens ("Ahrens"). Cooper and Jorgensen were listed in the articles of incorporation as the two initial directors, and Cobb and Crivello became shareholders and directors of the corporation three days after the business was incorporated. Ahrens joined the business several months later when the restaurant

opened, and he became the fifth shareholder and the fifth director. The directors hired a general manager to handle the day-to-day operations of the restaurant.

After the restaurant ran into financial difficulties and Co-Jo failed to pay its federal employment taxes, the IRS sought to impose individual liability for these taxes on the corporate principals, pursuant to 26 U.S.C. § 6672. Before assessing individual liability for the taxes, the IRS conducted an investigation whereby it obtained the affidavits of Cobb, the corporate president, and four other employees involved in day-to-day operations. Cobb told the IRS that Cooper was only an investor in the business and never took an active part in or had any knowledge of the day-to-day operations. The other employees likewise did not mention Cooper when asked to list the persons responsible for operating and managing the business.

Although the IRS' investigation revealed that Cooper was not responsible for paying the withholding taxes of Co-Jo, the IRS assessed penalty taxes and interest against Cooper personally in the amount of $37,313.91 pursuant to Internal Revenue Code ("I.R.C.") § 6672. Section 6672 imposes liability on "(1) a responsible person (2) who has willfully failed to perform a duty to collect, [truthfully] account for, or pay over federal employment taxes." *Williams v. United States,* 931 F.2d 805, 809-10 (11th Cir.1991) (citations omitted), *opinion supplemented,* 939 F.2d 915 (11th Cir.1991). The IRS imposed liability on Cooper for the unpaid taxes on or about March 13, 1985, and Cooper first paid and then sought a refund of the assessment through IRS administrative

procedures over a period of seven years.

By July, 1992, Cooper's claim for a refund had been rejected by the IRS, and the statute of limitations on a refund claim was about to expire. Thus, Cooper filed suit in district court to preserve his claim. In his complaint, Cooper sought a refund of the penalties and interest paid, as well as costs and attorneys' fees incurred in seeking his refund, pursuant to I.R.C. § 7430. Three days after Cooper filed his suit, the IRS reversed its position and refunded Cooper the entire amount of the tax penalty paid, plus interest. The district court allowed Cooper's § 7430 claims to go forward over the IRS' objection.

## II.

Congress enacted § 7430 "to deter abusive actions or overreaching by the [IRS] and to enable taxpayers to vindicate their rights regardless of their economic circumstances." *Weiss v. Commissioner of Internal Revenue,* 88 T.C. 1036, 1041, 1987 WL 49313 (Tax Ct.1987) (citing H.R.Rep. No. 97-404, 97th Cong., 1st Sess., at 11 (1981)). To be eligible for an award of attorneys' fees and administrative expenses under § 7430, three requirements must be satisfied. First, a claimant must have exhausted all administrative remedies available within the IRS before commencing a civil proceeding. § 7430(b)(1). Second, the claimant must prove that he is a "prevailing party." §§ 7430(a) and 7430(c)(4)(A). Finally, a claimant must show that the requested award constitutes reasonable litigation or administrative costs. §§ 7430(a)(1), 7430(a)(2), 7430(c)(1) and 7430(c)(2). The IRS conceded that Cooper had exhausted all administrative remedies. Also, the IRS

had refunded its assessment to Cooper; however, the district court held that Cooper was not a prevailing party under § 7430 and denied his claims for attorneys' fees and administrative costs. We review the district court's judgment for abuse of discretion. *In re Rasbury,* 24 F.3d 159, 165-66 (11th Cir.1994).

To qualify as a prevailing party, a taxpayer has the burden to establish, among other requirements, the key requirement that the IRS' position in the proceeding was not substantially justified. *Rasbury,* 24 F.3d at 165; I.R.C. § 7430(c)(4)(A)(i). Under this requirement, Cooper had to prove that the IRS' position was not "justified to a degree that could satisfy a reasonable person," *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (interpreting similar provision for attorneys' fees and costs under the Equal Access to Justice Act), or had no "reasonable basis both in law and fact." *Rasbury,* 24 F.3d at 168 (quoting *Pierce,* 487 U.S. at 565, 108 S.Ct. at 2550).

The district court held that Cooper failed to prove that the IRS' position was not substantially justified and denied his § 7430 claim. In its decision, the court recognized that the IRS' refund of the taxes paid was a factor to consider, but was not determinative of whether the IRS was substantially justified in its position. *See Heasley v. Commissioner,* 967 F.2d 116, 120 (5th Cir.1992). To determine if the IRS was substantially justified in assessing a penalty on Cooper for Co-Jo's unpaid payroll taxes pursuant to I.R.C. § 6672, the court examined the standard for imposing a penalty under § 6672.

The court first addressed whether the IRS' position that

Cooper was a "responsible person" under § 6672 with respect to Co-Jo's delinquent taxes was substantially justified.  The standard provided by this circuit to determine whether an individual is a "responsible person" under this section provides in part:

> [a] person is responsible within the meaning of section 6672 if he has a duty to collect, account for or pay over taxes withheld from the wages of a company's employees. Responsibility is a matter of status, duty and authority. Indicia of responsibility include the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees.

*Williams,* 931 F.2d at 810 (citations and internal quotations omitted).  Based upon this standard, the district court held that Cooper failed to establish that the IRS was not substantially justified in its position that he was a "responsible person."  The court found that the IRS' position was "a reasonable position that was supportable in light of the facts and existing law." *Terrell v. United States,* 94-1 USTC p. 50,267, No. 1:92-cv-1642-ODE, 1994 WL 374334, at *5 (N.D.Ga. May 9, 1994) (citing  *Kinnie v. United States,* 994 F.2d 279 (6th Cir.1993)).

III.

We are not convinced that the facts known to the IRS reasonably supported its position that Cooper was a responsible person, especially in light of facts which reveal that the IRS took no steps to determine who was actually responsible for paying the delinquent taxes.  The IRS' initial investigation revealed testimony by the corporate president and four employees that Cooper was not responsible for the operation or management of the restaurant;  yet, the IRS chose instead to rely upon the Articles of Incorporation of Co-Jo which revealed that Cooper was one of two

initial directors who was authorized to sign checks. The fact that Cooper was the only shareholder who was not involved in day-to-day operations, and the fact that the IRS' investigation did not reveal any checks or bank cards that were signed by Cooper, did not deter the IRS from maintaining its position that Cooper was "responsible" for paying the employee taxes.

We need not reach the determination of whether the district court erred in holding that the IRS' position that Cooper was a "responsible person" was substantially justified, however, because we conclude that the IRS could not have reasonably viewed any responsibility imputed to Cooper for failure to pay these taxes as willful. Liability attaches to a "responsible person" under § 6672 only if he "willfully" fails to collect, account for, or payover employee taxes. Although the district court held that the IRS reasonably viewed Cooper as a "responsible person," the court failed to determine if the IRS was substantially justified in its position that Cooper willfully failed to collect or pay the employment taxes.

Based upon a review of the record, we are persuaded that the IRS knew that Cooper had no involvement in the operation or management of Co-Jo. We are further convinced that the IRS had no basis to maintain the position that Cooper willfully failed to pay, or oversee the payment of, the employment taxes. The term "willfulness," as used in criminal tax statutes, is defined as the "voluntary, intentional violation of a known legal duty." *Cheek v. United States,* 498 U.S. 192, 200, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991). At a minimum, to satisfy the willfulness requirement

of § 6672, a person must have some knowledge of failure or risk of failure to remit the employment taxes. *See Thibodeau v. United States,* 828 F.2d 1499, 1505-06 (11th Cir.1987). The IRS' position that Cooper could have known of Co-Jo's unpaid liability because he maintained the same home address as Jorgensen, Co-Jo's treasurer, is not a reasonable basis to attach § 6672 liability, especially in light of other facts and existing law.

After careful review of the record and the facts in this case, we are persuaded that Cooper established that the IRS was not substantially justified in maintaining its position that he was liable under § 6672 for Co-Jo's failure to remit its employment taxes. Therefore, we hold that the district court abused its discretion in determining that Cooper failed to prove that the IRS' position was not substantially justified, and we reverse the court's judgment that Cooper is not entitled to recover attorneys' fees and costs under I.R.C. § 7430.[1] The IRS engaged in abusive actions and overreached its authority by failing to properly investigate Cooper's potential liability before assessing him with a tax penalty under § 6672.

Cooper has satisfied two of the three requirements to receive an award of attorneys' fees and administration expenses under § 7430. After exhausting his administrative remedies and proving

---

[1]The IRS has conceded that Cooper has established the other requirement to be deemed a prevailing party under § 7430(c)(4)(A)(ii). In addition to proving that the IRS was not substantially justified in its position, Cooper also had to establish that he "substantially prevailed with respect to the amount in controversy, or substantially prevailed with respect to the most significant issue or set of issues presented". IRC § 7430(c)(4)(A)(ii).

that he is a prevailing party, Cooper must now show that the requested award is reasonable.  I.R.C. § 7430(c)(1).  Accordingly, we reverse the judgment of the district court and remand this case for a determination of the amount of attorneys' fees, administrative costs and litigation costs Cooper is entitled to recover.

REVERSED AND REMANDED.