**Peter THOSTESON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV.A.00–T–622–S.**

United States District Court, M.D. Alabama, Southern Division.

Aug. 7, 2001.

See *Harnischfeger Eng'rs v. Uniflo Conveyor Inc.*, 883 F.Supp. 608, 612 (D.Utah 1995).

Banks Thomas Smith, Hall, Smith & Jones, G. David Johnston, Johnston, Hinesley, Flowers & Clenney, PC, Dothan, AL, for Plaintiff.

Kenneth E. Vines, U.S. Atty's Office, Montgomery, AL, Cynthia Lewis Stier, Laura M. Conner, U.S. Dept. of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

Plaintiff Peter Thosteson filed this action against defendant United States, seeking a refund of his partial payment of a penalty assessment made against him pursuant to 26 U.S.C.A § 6672 for withholding taxes from the third quarter of 1994 through November 28, 1995, that his employer, Lorac, Inc., did not remit to the government. A trial was held on August 1 and 2, 2001, and after the close of evidence and argument, the jury returned a verdict in favor of Thosteson for all the quarters at issue.

This cause is now before the court on the oral motion by the government for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. For the reasons below, this motion will be granted.

## I. LEGAL STANDARD

█ Rule 50 permits a court to enter judgment as a matter of law if, after an adequate hearing, there is no legally sufficient evidentiary basis for a jury's verdict. *See* Fed.R.Civ.P. 50. When ruling on a motion for judgment as a matter of law, the court must consider all of the evidence in the light most favorable to the party opposed to the motion. *See, e.g., Williams v. United States,* 931 F.2d 805, 809 (11th Cir.1991); *Smith v. United States,* 894 F.2d 1549, 1552 (11th Cir.1990); *Thibo-*

*deau v. United States,* 828 F.2d 1499, 1503 (11th Cir.1987). A motion for judgment as a matter of law should be granted only if, viewing the evidence as a whole and drawing all reasonable inferences in favor of the nonmoving party, no reasonable jury could reach a contrary verdict. *See Williams,* 931 F.2d at 809.

## II. FACTS

Thosteson was an incorporator of Lorac, Inc., an employee leasing business. Initially he was one of the company's vice-presidents, and his main responsibility was sales and "growing" the business. He had limited authority to hire and fire employees, to determine financial policy, to set salaries and wages, to pay employees, and to enter loan agreements on Lorac's behalf. He opened bank accounts for Lorac with People's Bank in Dothan, Alabama, and was a signatory on those accounts with the ability to write checks under his sole signature for amounts up to $ 750. Lorac had two different kinds of checks: Checks that expressly required two signatures for amounts above $ 750, and checks that did not. On at least three occasions, Thosteson wrote checks for more than $ 750 under his sole signature on Lorac checks that did not expressly require two signatures.[1] The evidence at trial did not show that those checks were not honored, and conclusively proved that at least one such check was honored.[2] Further, Thosteson also had the authority to sign Lorac's Form 941 withholding tax returns, and he did so for the third and fourth quarters of 1995.

In the spring of 1995, Thosteson purchased a 24 % stake in Lorac from its sole

---

**1.** *See* Government's Exhibits 408 (check for $ 1,000), 382 (check for $ 923.04), and 383 (check for $ 45,000).

**2.** *See* Government's exhibit 408, along with the bank statement entered in evidence indicating that the check was cashed and honored.

shareholder, Garner Umphrey, for $ 288. Umphrey, however, did not cash the check that Thosteson used to pay him. At some point before the bankruptcy, Thosteson also became the president of Lorac.

Thosteson testified at trial that he knew during the entire period at issue in this suit that a responsible person has a duty under the law to assure that withholding taxes are remitted to the United States. And he testified that as of August 28, 1995 he was aware that Lorac had failed to remit withholding taxes to the United States, and that, in October 1995, he became aware of the full amount of withholding taxes that Lorac owed.

The undisputed evidence showed that after Thosteson became aware that Lorac owed withholding taxes to the government and after he became aware of the full amount of the taxes that were owed, he continued to write check after check to other creditors under his signature alone, including checks to Tack and So Forth, Inc. (a joint venture of Lorac and Thosteson's wife),[3] himself,[4] Builder's Cash and Carry,[5] and Garner Insurance Agency.[6]

## II. DISCUSSION

 Section 6672 imposes liability upon (1) a responsible person (2) who has willfully failed to perform a duty to collect, account for, or pay over federal employment taxes.[7] *See, e.g., Williams,* 931 F.2d at 810; *Thibodeau,* 828 F.2d at 1503; *George v. United States,* 819 F.2d 1008, 1011 (11th Cir.1987). The Eleventh Circuit agrees with the vast majority of other courts in holding that in tax refund cases, such as the case at bar, the burden of proof is on the plaintiff to show that the Internal Revenue Service's findings in assessing a deficiency are incorrect. *See, e.g., Trucks, Inc. v. United States,* 234 F.3d 1340, 1342 (11th Cir.2000). Specifically in the context of § 6672 cases, the Eleventh Circuit has held that it is the taxpayer's burden to establish that he or she was not willful in failing to pay over withholding taxes. *See, e.g., Malloy v. United States,* 17 F.3d 329, 331 (11th Cir. 1994). However, the Court of Appeals has not directly decided who bears the burden of proof on the issue of whether a taxpayer is a responsible person in a refund suit for a § 6672 penalty. This court need not reach that issue here because both parties have agreed that the taxpayer in this suit bears the burden of showing that he was not a responsible person,[8] and, in any event, the allocation of the burden of proof does not bear on the court's findings, as discussed below, with regard to Thosteson's responsibility and willfulness.

---

**3.** *See* Government's exhibit 408 (check for $ 1,000, dated October 18, 2001).

**4.** *See* Government's exhibit 397 (check for $ 280, dated October 20, 1995).

**5.** *See* Government's exhibit 382 (check for $ 923, dated October 13, 1995).

**6.** *See* Government's exhibit 383 (check for $ 45,000, dated October 13, 2001)

**7.** Section 6672 provides, in pertinent part, as follows:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title [Title 26 of the United States Code] who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

**8.** *See* Plaintiff's proposed jury instructions at 3.

■ A person is responsible within the meaning of § 6672 if he or she has a duty to collect, account for, or pay over taxes withheld from the wages of a company's employees. *See, e.g., Williams,* 931 F.2d at 810; *Thibodeau,* 828 F.2d at 1503; *George,* 819 F.2d at 1011. Responsibility is a matter of status, duty, and authority, not knowledge. *See Thibodeau,* 828 F.2d at 1503; *Mazo v. United States,* 591 F.2d 1151, 1156 (5th Cir.)[9], *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). However, the law is clear that § 6672 responsibility is a matter of the power and authority to make payment of withholding taxes, and is not dispositively determined by corporate title or position. *See Neckles v. United States,* 579 F.2d 938, 940 (5th Cir.1978). "Indicia of responsibility include the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees." *George,* 819 F.2d at 1011.

■ The undisputed evidence in this case establishes beyond any doubt that Thosteson was a responsible person under § 6672: He had sufficient control over the financial affairs and day-to-day operations of Lorac, he had power to disburse corporate funds under his own name and authority, he held the position of a vice-president, he was a signatory on Lorac's bank accounts, and he set employee salaries, including his own. That other individuals may also have had these powers at Lorac is immaterial. The law is unambiguous that there may be more than one responsible person in a corporation, *see Williams,* 931 F.2d at 810 n. 7, and the fact that other persons involved with Lo-

rac may have been responsible as well does not detract from the conclusion that Thosteson is a responsible person. This is most dramatically demonstrated by these facts: He was a signatory on some bank accounts with the ability to write checks under his sole signature for amounts up to $ 750 on some occasions and the ability to write checks for more than $ 750 under his sole signature on others. Moreover, after Thosteson became aware that Lorac owed withholding taxes to the government and after he became aware of the full amount of the taxes that were owed, he continued to write check after check to other creditors under his signature alone.

The only changes in Thosteson's authority or position within Lorac during the period at issue in this suit were that he purchased, or attempted to purchase, a 24 % stake in Lorac from Garner Umphrey, and that at some time Thosteson became Lorac's president. However, neither of these changes altered the authority that Thosteson had—and exercised—to make payments to Lorac's creditors. And, as stated, corporate titles are not determinative of responsibility under § 6672. *See Neckles,* 579 F.2d at 940. And even if these changes altered Thosteson's authority, the evidence is undisputed that as of the end of the third quarter of 1995, Thosteson's authority was no less than he enjoyed since Lorac was incorporated, and, additionally, he was the company's president. Viewing all the evidence as a whole, and drawing all factual inferences in Thosteson's favor, no reasonable jury could have found that he was not a responsible person under § 6672.

■ The court now turns to the issue of Thosteson's willfulness. The term "will-

---

**9.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

fulness" as used in criminal tax statutes is defined as the "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 200, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991). At a minimum, to satisfy the willfulness requirement of § 6672, a person must have some knowledge of failure or risk of failure to remit the employment taxes. *See Cooper v. United States*, 60 F.3d 1529, 1532 (11th Cir.1995); *Thibodeau v. United States*, 828 F.2d 1499, 1505–06 (11th Cir. 1987). The Eleventh Circuit has held that the willfulness requirement of § 6672 is satisfied if the responsible person has knowledge of payments to other creditors after he becomes aware of the failure to remit the withheld taxes. *See Williams*, 931 F.2d at 810; *Smith*, 894 F.2d at 1553; *Thibodeau*, 828 F.2d at 1505. Willfulness, however, "does not require a fraudulent or other bad motive on the part of the responsible person." *Hewitt v. United States*, 377 F.2d 921, 924 (5th Cir.1967).

In this case, Thosteson testified that, as of August 28, 1995, he knew that Lorac was in arrears to the government on its withholding tax payments. He testified that, in October 1995, he knew the entire amount of the withholding taxes that Lorac owed, but had not paid, for all periods at issue in this suit. He also testified that he was aware of the duty of responsible persons to assure that withholding taxes be paid.

Despite this, during those times, he not only knew of payments to other creditors of Lorac, but he wrote and signed checks to make such payments: He wrote checks, under his sole name and authority, to— among others—his wife's company, Tack and So Forth, Inc., himself, Garner Insurance, and Builders Cash and Carry.[10] At least one check for more than $ 750 written under his name alone was honored by Lorac's bank. He also wrote check after check for amounts less than $ 750 to other creditors. Thosteson could have been writing those checks to the Internal Revenue Service instead.[11]

▆▆▆ Thosteson's preference for other creditors over the United States, given his knowledge both of Lorac's tax situation and his understanding of the duty of responsible persons to pay withholding taxes, establishes as a matter of law that Thosteson's failure to pay was willful. *See Williams*, 931 F.2d at 810; *Smith*, 894 F.2d at 1553; *Thibodeau*, 828 F.2d at 1505. No reasonable jury could have found otherwise.

## IV. CONCLUSION

Considering the record as a whole and construing all inferences most favorably to Thosteson, any reasonable jury would have to find that he was a responsible person and that his failure to pay the amounts owed the government was willful. Accordingly, the motion by the United States for judgment as a matter of law will be granted.

▆▆▆▆▆▆

---

10. *See* Government's exhibits 382, 383, 397, and 408.

11. Thosteson has disputed that he could have paid an amount over $ 750 to the government on his own authority. This is, however, not material. There is no requirement that payment to the government for withholding taxes be in one lump sum. Although it would have required writing many checks to cover Lorac's obligation, Thosteson himself, under his own undisputed authority could have done so. That he preferred not to, or that he may not have considered this solution, is not a defense.