[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12244

Non-Argument Calendar

_____

ASHLEY C. SCOTT,

Plaintiff-Counter Defendant-Appellant,

*versus*

UNITED STATES OF AMERICA, TREASURY DEPARTMENT, INTERNAL REVENUE SERVICE,

Defendant-Counter Claimant-Third Party Plaintiff-Appellee,

MICHAEL A JENKINS,

Defendant,

2                    Opinion of the Court                    23-12244

TYRENE SCOTT,

Defendant-Third Party Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:12-cv-00494-BJD-MCR

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

This is the fourth appeal in a tax case that has lasted more than a decade. In 2021, after multiple retrials, a federal jury determined that Ashley Scott was a "responsible person" who was individually liable for unpaid payroll taxes of her father's company for two tax quarters. *See* 26 U.S.C. § 6672. The district court entered judgment for the government in the amount of $166,641.74, plus interest, and we affirmed on appeal, bringing an end to the underlying tax dispute. *See Scott v. United States*, No. 21-13098, 2022 WL 16547995 (11th Cir. Oct. 31, 2022).

Now, Scott seeks to recover reasonable litigation costs as a "prevailing party" under the qualified-offer rule. *See* 26 U.S.C. § 7430(c)(4)(E). She contends that, because she offered the government $250 for each of the original thirteen tax quarters at issue, she

is entitled to recover her post-offer litigation costs for the eleven tax quarters for which the government recovered nothing. The district court found that Scott was not a prevailing party under the qualified-offer rule because the tax liability reflected in the judgment ($166,641.74) well exceeded the tax liability proposed in her qualified offer ($3,250). After careful review, we affirm.

## I.

Scott worked as a corporate secretary for her father's company, Scott Air, during times when the company failed to pay payroll taxes. In 2010, the IRS assessed a penalty against Scott in the amount of $680,472.28, which reflected the company's unpaid payroll taxes for thirteen quarters between 2004 and 2007. The IRS invoked 26 U.S.C. § 6672, under which a person responsible for paying a company's payroll taxes can be held personally liable for willfully failing to pay such taxes.

Scott responded to the assessment by mailing the government a check for $300, covering the amount owed by one employee for one quarter, and requesting that the government abate the remainder of the assessment against her. When the government failed to respond, she sued for a refund of the $300 and a declaration that she was not liable for the company's unpaid payroll taxes. The government initiated a counterclaim against Scott for the full amount of the assessment.

After extensive proceedings not directly relevant to this case, a federal jury determined that Scott was a "responsible person" who was liable for unpaid payroll taxes for two of the original

thirteen quarters: the third quarter of 2005 and the fourth quarter of 2006.[1]  The district court entered judgment for the government in the amount of $166,641.74, plus interest, and then denied Scott's motion for judgment as a matter of law or a new trial.  We affirmed.  *Scott*, 2022 WL 16547995, at \*5.

## II.

Meanwhile, in May 2021, Scott filed a motion for attorney's fees under 26 U.S.C. § 7430.  As relevant here, Scott claimed that she was a "prevailing party" under § 7430 because she had submitted a "qualified offer" of $3,250 (or $250 per quarter) for all thirteen

---

[1] This case has a long history.  In 2016, we reversed the district court's ruling at summary judgment that Scott was a "responsible person" as to all thirteen tax quarters, finding that genuine issues of material fact existed on that issue.  *Scott v. United States*, 825 F.3d 1275, 1282 (11th Cir. 2016).  But we affirmed findings that Scott acted "willfully"—an essential element to recovery under § 6672—as to ten of the thirteen quarters.  *Id.*  Thus, ten quarters remained on which the government could prevail at trial by showing that Scott was a responsible person.  On remand, after trial in February 2017, a jury found that Scott was a responsible person for three quarters, but not for the other seven quarters.  Scott appealed a second time, and we vacated and remanded for a new trial, concluding that the district court committed plain error in instructing the jury.  *Scott v. United States*, 776 F. App'x 612, 615 (11th Cir. 2019).  Another jury trial was held in April 2021 on the remaining three quarters, and the jury found that Scott was a responsible person for Scott Air for the third quarter of 2005 and the fourth quarter of 2006, but not for the second quarter of 2007.  Scott appealed a third time, but we affirmed.  *Scott v. United States*, No. 21-13098, 2022 WL 16547995 (11th Cir. Oct. 31, 2022).

tax quarters originally at issue.  Because the government recovered less than $250 for eleven of the thirteen quarters, her argument went, she was the prevailing party as to those quarters.  The government responded that Scott was not a prevailing party under § 7430's qualified-offer rule because she had made one offer of $3,250—not thirteen separate offers.  And that offer was less than the judgment of $166,641.74.

A magistrate judge recommended denying Scott's motion, reasoning that the statute called for a comparison between the total offer ($3,250) and the total recovery ($166,641.74), and that Scott's piecemeal, quarter-by-quarter approach "defies logic."  Scott filed objections, but the district court overruled them, agreeing with the magistrate judge that Scott was not entitled to attorney's fees under a "plain reading" of § 7430.  Scott timely appeals.

### III.

We review the denial of a motion for litigation costs under 26 U.S.C. § 7430 for an abuse of discretion.  *Cooper v. United States*, 60 F.3d 1529, 1531 (11th Cir. 1995).  The district court's "interpretation of a statutory section of the Internal Revenue Code is a question of law that is reviewed *de novo*."  *Fla. Country Clubs, Inc. v. Comm'r of Internal Revenue*, 404 F.3d 1291, 1293 (11th Cir. 2005).

Section 7430 authorizes an award of "reasonable litigation costs," including attorney's fees, to private parties who prevail in a court proceeding, brought by or against the United States, concerning federal taxes.  26 U.S.C. § 7430(a).  "Congress enacted § 7430 to deter abusive actions or overreaching by the IRS and to enable

taxpayers to vindicate their rights regardless of their economic circumstances." *Cooper*, 60 F.3d at 1530 (cleaned up).

To recover under § 7430, the taxpayer must prove that she is a "prevailing party," among other requirements. *Id.* at 1530–31. The general rule is that a taxpayer is the prevailing party if she meets two requirements: (1) she has "substantially prevailed" with respect to either the amount in controversy or the most significant issue or set of issues, 26 U.S.C. § 7430(c)(4)(A)(i); and (2) the government's position was not "substantially justified," *id.* § 7430(c)(4)(B)(i).

Besides the general rule, a special rule permits a taxpayer to be treated as a prevailing party in cases when the judgment is less than the taxpayer's unaccepted offer to settle the tax liability. *See* 26 U.S.C. § 7430(c)(4)(E). The rule states that the taxpayer

> shall be treated as the prevailing party if the liability of the taxpayer pursuant to the judgment in the proceeding (determined without regard to interest) is equal to or less than the liability of the taxpayer which would have been so determined if the United States had accepted a qualified offer of the party under subsection (g).

*Id.* § 7430(c)(4)(E)(i). The determination is "made by reference to the last qualified offer made with respect to the tax liability at issue in the proceeding." *Id.* § 7430(c)(4)(E)(iii)(I).

So, under the qualified-offer special rule, we must compare two things: (1) the "liability of the taxpayer pursuant to the

judgment in the proceeding"; and (2) the liability proposed in the taxpayer's "last qualified offer made with respect to the tax liability at issue." If the judgment's liability is "equal to or less than" the offer's liability, the taxpayer "shall be treated as the prevailing party." 26 U.S.C. § 7430(c)(4)(E)(i). Treasury Regulations define the relevant "judgment" as "the cumulative determinations of the court concerning the adjustments at issue and litigated to a determination in the court proceeding." Treas. Reg. § 301.7430-7(a).

Section 7430(g) defines a "qualified offer" to mean a written offer which, among other requirements, "specifies the offered amount of the taxpayer's liability (determined without regard to interest)." 26 U.S.C. § 7430(g)(1)(B). According to Treasury Regulations, a qualified offer must specify an amount "with respect to *all of the adjustments at issue* in the administrative or court proceeding at the time the offer is made." Treas. Reg. § 301.7430-7(c)(3) (emphasis added). It must be an offer that, if accepted, "fully resolve[s] the taxpayer's liability . . . for the type or types of tax and the taxable year or years at issue in the proceeding." *Id.*

Where "multiple tax years" are at issue, a taxpayer may make a qualified offer "for less than all of the tax years involved" if adjustments in different tax years arise from "separate and distinct issues." *Id.* But the offer still "must resolve all of the issues for the tax years covered by the offer and also must cover all tax years in the proceeding affected by those issues." *Id.*

## IV.

Scott maintains that she made thirteen distinct qualified offers to settle each of the tax quarters at issue, rather than one single offer to settle her total liability. That claim, however, is contrary to the terms of her offer and to the requirements for a qualified offer.

As the district court observed, the evidence shows that Scott made one offer, rather than thirteen separate offers, in her letter to the government dated October 17, 2012. The letter stated that it constituted a singular "qualified offer" under § 7430(g), in that "[i]t"—meaning, the offer—met each of the statutory requirements. The letter proposed that, "as her qualified offer," Scott would be liable for $250 for each of the thirteen quarters at issue, which were listed out separately in a chart, for a total of $3,250. An email from Scott's attorney to the government dated October 18, 2012, likewise described the letter as a singular "Qualified Offer." Nothing in the letter indicated that there were thirteen separate offers for thirteen quarters, or that the government could accept offers for some quarters and reject offers for other quarters.

Moreover, interpretating the letter as a single offer is the only construction consistent with § 7430 and governing regulations. Scott acknowledges the regulations, but she claims that they "actually support [her] position, not the [g]overnment's." Not so. If viewed in piecemeal fashion, none of the purported thirteen offers of $250 would count as a qualified offer under the regulations. Each offer was for an amount with respect to fewer than "all of the

adjustments at issue" in the court proceeding.  And had an individual offer been accepted, it would not have "fully resolve[d] the taxpayer's liability . . . for the type or types of tax and the taxable year or years at issue in the proceeding."  Treas. Reg. § 301.7430-7(c)(3).  Nor could the piecemeal offers be meaningfully compared to the "judgment," 26 U.S.C. § 7530(c)(4)(E)(i), which refers to "the *cumulative* determinations of the court concerning the adjustments at issue," Treas. Reg. § 301.7430-7(a) (emphasis added).

Scott relies on a provision in the regulations concerning cases that involve multiple tax years to argue that she could have made qualified offers for each of the thirteen quarters at issue.  But we cannot simply substitute the word "quarter" for "year" in the regulations, as Scott suggests.  *See Landau v. RoundPoint Mortg. Serv. Corp.*, 925 F.3d 1365, 1369 (11th Cir. 2019) ("When we construe regulations, we begin with the language of the regulation, just as we do for statutes."); *Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) ("[T]he role of the judicial branch is to apply statutory language, not to rewrite it.").  And the regulations clearly state that a partial qualified offer still "must resolve all of the issues for the tax years covered by the offer."  Treas. Reg. § 301.7430-7(c)(3).  An offer covering a particular quarter of a tax year simply does not meet that requirement.

In contrast, Scott's October 2012 letter, viewed as a single offer, counts as a qualified offer because it specified an amount ($3,250) for "all of the adjustments at issue," the acceptance of which would have "fully resolved [Scott's] liability" for the

penalties at issue in the proceeding.  Treas. Reg. § 301.7430-7(c)(3).
And we can readily compare it to the judgment in the proceeding,
which awarded the government a total of $166,641.74, represent-
ing "the cumulative determinations of the court concerning the ad-
justments at issue and litigated to a determination in the court pro-
ceeding."  Treas. Reg. § 301.7430-7(a).  Because the liability under
the judgment was not "equal to or less than" the liability under the
qualified offer, it follows that Scott cannot be treated as a prevailing
party under the qualified-offer rule.  *See* 26 U.S.C. § 7430(c)(4)(E)(i).

Finally, in the course of her briefing on the qualified-offer
rule, Scott makes several references to the general prevailing-party
rules, contending that she substantially prevailed and that the gov-
ernment's position was not substantially justified.  The qualified-
offer rule, however, operates on its own terms.  *See* 26 U.S.C.
§ 7430(c)(4)(E)(iv) (stating that the qualified-offer rule "shall not ap-
ply to a party which is a prevailing party" under the general rule).
So those usual requirements are not relevant to the inquiry.

Nor has Scott shown that she qualifies as a prevailing party
under the general rule.  *See* 26 U.S.C. § 7430(c)(4)(A)(i).  Even as-
suming she substantially prevailed, the magistrate judge found that
the government's position that Scott was a responsible person lia-
ble for § 6672 penalties was substantially justified.  That finding pre-
vents Scott from being treated as a prevailing party.  *See* 26 U.S.C.
§ 7430(c)(4)(B)(i) ("A party shall not be treated as the prevailing
party . . . if the United States establishes that the position of the
United States in the proceeding was substantially justified.").  Scott

did not address that finding in her objections, so the district court considered the issue abandoned and adopted the magistrate judge's report. And Scott has not adequately briefed the issue on appeal.[2] *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("A party fails to adequately 'brief' a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims.") (quotation marks omitted).

## V.

In sum, the district court did not abuse its discretion in denying Scott's motion for reasonable litigation costs as a prevailing party. *See* 26 U.S.C. § 7430(c)(4)(E)(i).

**AFFIRMED.**

---

[2] The fact that the government lost at trial on eleven of the thirteen tax quarters is certainly relevant, but Scott cites no authority for her assertion that the government is "precluded from asserting it was substantially justified" as to those quarters. And Scott fails to engage with any of the magistrate judge's reasons for concluding that the government's position, notwithstanding the jury findings, was substantially justified.